UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
Civ. Action No. 1:12-cv-00618-TDS-JEP

| | |
|---|---|
| WILLIAM BELLAMY, ADAM COVINGTON, VERNON MCKINNON, MICHAEL MEGINNIS, TROY SORRELL and MICHAEL WILLIAMS, | **JOINT MOTION TO APPROVE SETTLEMENT** |
| Plaintiffs, | |
| vs. | |
| CITY OF ROCKINGHAM, NORTH CAROLINA | |
| Defendant. | |

The parties jointly move the Court for approval of the Settlement Agreement attached to this motion as Exhibit A.

## I. The Court Should Approve the Settlement because it is fair and reasonable.

The parties, represented by Plaintiffs' counsel Travis Payne and Defendant's counsel Patricia Holland and Norwood Blanchard, conducted a mediated settlement conference on December 3, 2012 and reached an agreement to settle the case. Counsel exchanged drafts of the proposed settlement agreement and agreed on the terms set forth in the Settlement Agreement and Release attached to this motion as Exhibit A. One of the terms of the proposed Settlement Agreement is that the parties would seek the Court's review and approval of the settlement.

1

The parties are seeking Court approval because the primary claims in the case were FLSA claims. While private settlements of lawsuits are typically encouraged and favored by courts, settlements of FLSA claims are treated differently: A settlement of FLSA claims must be either supervised by the U.S. Department of Labor or reviewed and approved by the Court. See Lynn's Food Stores v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) (reviewing court must determine whether settlement is fair and reasonable); see also Taylor v. Progress Energy, Inc., 493 F.3d 454 (4th Cir. 2007) (applying analogous rule to private settlement of FMLA claims). **The parties are only seeking Court approval of the settlement of the FLSA claims in this matter.**

The parties represent to the Court that the settlement of the FLSA claims is fair and reasonable. As the parties pointed out to the Court earlier, this lawsuit is actually related to a prior lawsuit. In the prior suit (the *Barber* lawsuit), the primary issue was whether the City's salary plan complied with the FLSA's overtime requirements.[1]

After extensive discovery (including numerous depositions and the production of voluminous documents) in the *Barber* lawsuit, one aspect of the City's overtime calculations was found to be flawed—the City had not been including longevity pay when calculating the "regular rate" from which the firefighters' overtime pay was calculated. The other material aspects of the City's salary plan were not challenged.

This lawsuit arose out of modifications to the City's pay plan that were implemented in January of 2010 in response to the *Barber* lawsuit. In a nutshell, when

---

[1] The City pays its firefighters using a modified salary arrangement under the "fluctuating workweek" method of pay described in 29 C.F.R. § 778.144.

the City modified its salary plan to add the longevity pay in the calculation of the "regular rate," the City also discontinued the payment of extra "holiday pay" to the firefighters.

In this lawsuit, the firefighters contended that the discontinuation of "holiday pay" violated the anti-retaliation provisions of the FLSA, codified at 29 U.S.C. § 215(a)(3) and 29 U.S.C. § 216(b). Plaintiffs asserted that the discontinuation of holiday pay was a material and adverse change to the pay arrangement for the firefighters, and that because the change was made in response to the *Barber* settlement, it amounted to unlawful retaliation.

The parties were represented by competent counsel in this matter. Plaintiffs' counsel is an experienced and reputable attorney. Plaintiffs' counsel, Mr. Payne, and Defendant's lead counsel, Ms. Holland, have both been practicing for more than 30 years. Mr. Blanchard has been practicing for 13 years. All three have extensive experience in representing employment clients in the public sector.

The settlement agreement was the result of arms-length negotiations between the parties. The amount assigned towards Plaintiffs' attorney fees (approximately $9,420.00) is reasonable in comparison to the value of the settlement agreement to the Plaintiffs.

Finally, the amount of settlement in relation to the potential recovery also weighs in favor of the Court approving settlement. As described in the Settlement Agreement, Plaintiffs are being paid back pay for <u>all</u> of the holidays that occurred during the time

3

Case 1:12-cv-00618-TDS-JEP   Document 31   Filed 03/08/13   Page 3 of 5

period at issue. Additionally, the Defendant City has made some further concessions to the Plaintiffs, including easing requirements for taking leave in the future and some assurances about future pay practices. The specifics of these concessions are detailed in the Settlement Agreement.

WHEREFORE, the Parties request that the Court grant this motion and approve the terms of the Settlement Agreement.

This the 8th day of March, 2013.

                                            EDELSTEIN AND PAYNE

/s/ M. Travis Payne
M. TRAVIS PAYNE
State Bar No. 8452
Post Office Box 28186
Raleigh, NC 27611
Tel. (919) 828-1456
*Attorney for Plaintiffs*

JACKSON LEWIS, LLP

/s/ Patricia L. Holland
PATRICIA L. HOLLAND
N. C. State Bar No. 8816
1400 Crescent Green Drive, Suite 215
Cary, NC 27518
Telephone: (919) 854-0044
Facsimile: (919) 854-0908
Email: patricia.holland@jacksonlewis.com

4

CROSSLEY McINTOSH & COLLIER, PLLC

/s/ Norwood P. Blanchard III
NORWOOD P. BLANCHARD III
State Bar No. 26470
5002 Randall Parkway
Wilmington NC 28403
Telephone: (910) 762-9711
Facsimile: (910) 256-0310
Email: norwood@cmclawfirm.com

*Attorneys for Defendant*

5